Haight, J.*
[After stating the facts.] The persons so interested had appeared by attorneys upon the hearing, and this was doubtless sufficient to give the court jurisdiction, notwithstanding the defect in the petition, without an amendment. But the amendment was one which the court *423 had the power to make in its discretion, and the making of it did not tend to prejudice the rights of the appellants (Matter of Prospect Park & Coney Island R. R. Co., 67 N. Y. 371 ; aff’g 8 Hun, 30).*
It is next claimed that the petitioner has not complied with all the prerequisites required by the statute in order to confer jurisdiction upon the court to appoint commissioners. The petitioner was duly incorporated,, as appears by the certified copy of the articles of association produced in evidence, signed by twenty-six persons, who subscribed for the capital stock of the company to an amount aggregating 832,300. The length of the petitioner’s proposed road is fifteen miles four hundred feet.
The Central Construction Company of New Jersey subscribed for seventeen hundred and seventy-six shares, aggregating $177,600, which, added to the sum subscribed by the incorporators, amounts to $299,900. The statute † requires that $10,000 for each mile of the proposed road to be constructed shall he in good faith subscribed to the capital stock, and ten per cent, thereof paid in. The road being but fifteen miles four hundred feet in length, it will be observed that the capital stock subscribed far exceeds the sum required, and that there has been a compliance with the statute in this renard. But it is contended that the Central Construction O Company of Now Jersey had no power to subscribo for the *424 stock ; that its subscription is ultra vires and void ; hut a careful reading of the appeal book fails to disclose any evidence tending to support this- contention. It does not clearly appear whether the Central Construction Company is a corporation or a copartnership, or what it is. It does appear that it is a company organized under the laws of Hew Jersey for the purpose of constructing railroads, and the treasurer testified that lie was authorized to subscribe for the stock in question. This, doubtles, made out ixprimafacie case, for, in the absence of evidence to the contrary, we cannot assume that it was not authorized to subscribe for, take and hold stock in a railroad company (Union Hotel Co. v. Hersee,* 79 N. Y. 454; S. C., 35 Am. R. 536 ; rev’g 15 Hun, 371).
The case of Milbank v. N. Y., Lake Erie & Western R. R. Co. (64 How. Pr. 20 ; S. C., 4 Monthly L. Bul. 92, 93, and N. Y. Daily Reg. Oct. 19, 1882), is not in conflict with this •view, for in that case it Avas a- competing railroad company organized under the railroad laws of this state that had purchased and acquired the stock in another railroad company. In that case it was held that a railroad company was not *425 authorized by its charter to purchase stock in another company unless it acquired it in the payment of some debt or claim.* But this has no application to a construction company, for in many cases these companies are paid in part for the work performed in constructing the railroad out of the capital stoek.† For aught that appears this company may have been specially authorized and empowered to subscribe for stock in railroad corporations. At least we are of the opinion that the burthen of showing that it was not, "was thrown upon the appellants (Matter of N. Y., Lackawanna & Western R. R. Co.,‡ 99 N. Y. 12 ; aff’g 35 Hun, 220.)
Again, it is contended that ten per cent, had- not in fact been paid in. The ten per cent, of the necessary subscription would amount to about $16,000. The evidence of Brown tends to show that $2,000 in cash was paid in at one time, and that of Chapman is to the effect that on another occasion he paid in $21,000 in cash. Borne criticism is made as to his testimony, but the referee has found as a fact that it was paid in, and we see no reason for overruling the finding of the referee in this regard, especially as there is no evidence to the contrary.
The failure to produce the books upon the hearing before the referee was explained by the witness, and the motion to strike out his evidence, because of their non-production, cannot avail for the reason that the evidence as to the contents of the books was called out by the appellants.
The evidence as to the quantity of the laud necessary to be taken for the purpose of constructing the road-bank along *426 the river was conflicting. Upon the hearing, the parties stipulated that the referee should personally inspect the premises. The referee’s finding in this regard is amply supported, and should not be disturbed.* Whether or not the proposed embankment will canse injury to other lands is not properly before us for consideration in these proceedings (Matter of N. Y., West Shore & Buffalo R. R. Co., 101 N. Y. 685 ; S. C., 23 Weekly Dig. 356.
As to the claim of the appellant, the Xew York and Lake Erie and Western Railroad Company, it appears that , the petitioner caused a map and profile of its road to be made and filed on July 13, 1886, and on July 17, 1886, notice of such filing was served upon the appellants, and within due time thereafter certificates of location were filed ; that on August 10, the appellant, Babcock, leased to the appellant, the Xew York, Lake Erie and Western Railroad Company, the right to lay a track across his premises for the term of three years; and thereupon the appellant, "the Xew York, Lake Erie and Western Railroad Company, laid a track across the petitioner’s right of way, as located upon its map, filed as aforesaid. The question as to which company had acquired the prior right of way over these lands was considered by this court in an action between the parties to this ■proceeding; and it was then held that the petitioner had acquired the prior right to devote'this laud to a public use. See opinion of Barker, J., Rochester, Hornellsville, &c. R. R. Co. v. N. Y., Lake Erie & Western R. R. Co.,† 44 Hun, 206.
*427 We are consequently of the opinion that the order should be affirmed, with ten dollars costs and disbursements.
Order accordingly.

 Present James C. Smith, P. J., and Bradley, J., concurring.

 It was there held that an amendment of the petition of a railroad corporation, in proceedings to acquire title to lands, so as to ask for a less quantity of land, made upon the hearing at Special Term, does not make necessary a further attempt at agreement on a price, at least, where the owners are represented in court, and no suggestion is made in their behalf of a withdrawal of opposition, or for a suspension of proceedings with a view to such an attempt.
The fact is often overlooked that the statute of amendment (N. Y. Code Civ. Pro. § 621, etc.) is applicable not only to actions but to all special proceedings in courts of record, the supremo and superior city courts, and the city court of New York. Id. § 3347, subd. 6.

 2 L. 1867, p. 1398, c. 515, § 1; am’d, in effect, L. 1850, c. 140, §§ 14, 22.

 In that case defendant’s subscription was made on the condition that “the sum of §200,000 be subscribed by the citizens of Buffalo.” The requisite amount was subscribed; some of the subscriptions were in the firm names written by one partner; one Avas in the name of a corporation; it appeared that this was made by authority of the directors of the corporation, and with the assent of all the stockholders. Upon these subscriptions payments were made in compliance with calls made upon the subscribers.—Held, that the evidence established prima facie the validity of these subscriptions ; that, in any event, the payment upon each was a ratification thereof.
One of the subscribers had, at the time of his subscription, his domicile in Batavia, but boarded in Buifallo, and was engaged in business and spent nearly all of his time there.—Held, that he was a citizen of Buffalo within the meaning of the subscription papers.
Another subscription was in the name of “ B. & S. M. Spencer.” .B. Spencer, who signed, was a resident of Buffalo.—Held, that the subscription was within the term of the contract; and this, although there was no such firm, or B. signed without authority, as in either event he would be liable as upon his individual subscription.

 See Gere v. N. Y. Central, &c. R. R. Co., p. 193 of this vol.

 Seo Van Cott v. Van Brunt, 2 Abb N. C. 283; rev’d in 82 N. Y. 535.

 This is an important case recognizing the extent to which the proceedings in eminent domain, have become in practice assimilated to actions.
For illustrations of the extent to which the rules as to actions have been applied to petitions in special proceedings, see 1 Abb. New Pr. chap. 1, Petitions. See, also, Fiero Sp. Pro. pp. 610 et seq.

 Where referees, upon the trial, inspected premises (in the presence of counsel) and based their findings upon the proofs and such view,—Held, that if such inspection was.additional ocular evidence, it must appear in the case on appeal, or the appellate court could not regard it in determining whether the findings were justified by the evidence. Claflin v. Meyer, 75 N. Y., 260; S. C., 31 Am. R. 467; rev’g 43 Super. Ct. (J. & S.) And see Abb. Tr. Br. 73.

 It was there held that when a corporation, organized in compliance with the provisions of the general railroad act (L 1850, c. 140) has made a map and profile of the route intended to be adopted by the company, *427 and has caused the same to be duly certified and filed as required by section 22 of the said act, it has acquired a vested and exclusive right to build, construct and operate a railroad on the line which it has adopted, subject to the right of other railroad companies to cross its route and lands, in the way and manner and for the purposes provided by law.